UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
TRUSTEES OF THE BUILDING TRADES            Docket No.
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND, BUILDING
TRADES WELFARE BENEFIT FUND and
BUILDING TRADES PENSION FUND,              **COMPLAINT**

                Plaintiffs,

    -against-

DEMAND ELECTRIC INC.,

               Defendant.
-----------------------------------------------------------------------x

Plaintiffs, Trustees of Building Trades Educational Benefit Fund, The Building Trades Annuity Benefit Fund, the Building Trades Welfare Benefit Fund, and the Building Trades Pension Fund, (hereinafter referred to as "Funds"), by their attorneys Barnes, Iaccarino & Shepherd L.L.P., allege as follows:

**JURISDICTION AND VENUE**

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185 and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this court by Section 301 of the Taft-HartleyAct (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f) and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

## PARTIES

5. The Plaintiffs Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Funds are established and maintained by the Union and various Employers pursuant to the terms of a participation agreement, a Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U. S.C. Section 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Section 1002 3(1), 3(2), and 3(3) and 1132(d)(1) and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to a participation agreement or a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer, the Building Industry Electrical Contractors Association, and Local 363, United Electrical Workers of America, IUJAT. The Funds are authorized to collect contributions which include, but is not limited to, payments for annuity, educational benefits, hospitalization, and medical care on behalf of the employees of the Employers, and the Plaintiffs Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Plaintiffs Funds' principal office is located and administered at 50 Charles Lindbergh Blvd., Suite 207, Uniondale, NY 11553, in the County of Nassau.

8. Upon information and belief, the Defendant, DEMAND ELECTRIC INC., at all relevant times, was and is an Employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

9. Upon information and belief, DEMAND ELECTRIC INC. is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business located at 230 49th Street, Brooklyn, New York 11220.

## CAUSES FOR RELIEF
### AS AND FOR A FIRST CLAIM FOR RELIEF

10. DEMAND ELECTRIC INC. executed a participation agreement or a C.B.A. with the Union and/or was and still is a party to a participation agreement or a C.B.A. with the Union or by virtue of membership in an Association. The C.B.A. and/or Trust Indenture requires DEMAND ELECTRIC INC. to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the participation agreement or C.B.A. for all work performed by its employees covered by the participation agreement or C.B.A. and to remit such monetary contributions in accordance with the participation agreement or C.B.A. and the rules and regulations established in the Trust Indenture.

11. Upon information and belief, as a result of work performed by the individual employees of DEMAND ELECTRIC INC. pursuant to the C.B.A., there became due and owing to the Funds from the Employer's fringe benefit contributions.

12. DEMAND ELECTRIC INC. has failed and refused to remit to the Funds, fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the estimated amount of $105,925.03 owed for the period of January 1, 2014 through the present.

13. DEMAND ELECTRIC INC. failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the C.B.A. between DEMAND ELECTRIC INC. and the Union wherein the Funds are third party beneficiaries.

14. Pursuant to the C.B.A. and the Policy for Collection of Delinquent Contributions upon DEMAND ELECTRIC INC.'s failure to pay contributions and they become due, the employer is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due and unpaid as liquidated damages; interest; attorneys' fees at the hourly rate charged to the Funds for such services and all costs incurred in initiating the court action for the collection of delinquent contributions.

15. Accordingly, DEMAND ELECTRIC INC. is liable to Plaintiffs for contribution reports and unpaid benefit contributions in the minimum amount of $105,925.03 plus liquidated damages, interest, court costs, and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

16. Plaintiffs repeat, reiterate and really each and every allegation contained in paragraphs "1" through "15" of this Complaint as if fully set forth at length herein.

17. Section 515 of ERISA (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the C.B.A. and Trust Indentures.

18. DEMAND ELECTRIC INC. has failed to pay or timely pay the fringe benefit contributions to Plaintiffs owed as a result of work performed by individual employees of DEMAND ELECTRIC INC. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

19. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon finding of an Employer violation of Section 515 of ERISA (29 U.S.C. 1145) which requires

employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a Plaintiffs' Funds of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

20. The failure to pay has injured the Funds by delaying investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contributions amounts.

21. Accordingly, DEMAND ELECTRIC INC. is liable to Plaintiffs under the C.B.A. and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

22. Accordingly, DEMAND ELECTRIC INC. is liable to the Funds in the minimum amount of $105,925.03 in unpaid contributions plus liquidated damages, interest, reasonable attorney's fees, costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

23. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "22" of this Complaint as if set forth at length herein.

24. Pursuant to ERISA, the participation agreement, the C.B.A. and/or Trust Indenture, DEMAND ELECTRIC INC. is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

25. Upon information and belief, DEMAND ELECTRIC INC. has in the past failed to timely submit current fringe benefit contributions and reports to Plaintiffs and is in breach of the statutory obligations under ERISA, the participation agreement, the C.B.A. and/or Trust Indenture. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If DEMAND ELECTRIC INC. fails to pay the additional contributions and/or delinquency charges those additional amounts should be included plus interest as part of this action, at the time of trial or judgment, whichever is later.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

26. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "25" of this complaint as if set forth at length therein.

27. The financial integrity of the Plaintiffs' Funds and the allocation of proper eligibility and credit to the members are determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from the Employer.

28. Plaintiffs' Funds have no adequate remedy at law to ensure that the Employer will adhere to their continuing statutory and contractual obligations.

29. The failure of DEMAND ELECTRIC INC. to promptly remit payment will cause Plaintiffs immediate and irreparable injury unless the Employer and its officers, agents and servants are enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to Plaintiffs.

30. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining DEMAND ELECTRIC INC. from any further or future violations of this or subsequent collective bargaining agreements with Plaintiffs' Union, as such agreements apply to the obligations of DEMAND ELECTRIC INC. to Plaintiffs herein.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## AUDIT OF DEMAND ELECTRIC INC.

31. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraph "1" through "30" of this Complaint as if fully set forth at length herein.

32. The Employer as party to the Agreement is required to permit and cooperate with the Funds and or designated agents or representatives in an audit of the Employer's books and records for the purpose of ascertaining if all required fringe benefits contributions have been paid to the Funds and verifying the accuracy of the Employer reports.

33. The Employer has failed and refused to permit access to its books and records for the period of September 1, 2010 to the present and is liable for any delinquency contributions determined by a future audit together with the additional attorneys'

fees, auditors' fees, interest on the unpaid principal and liquidated damages pursuant to the terms of the Agreement and in accordance with Section 502 of ERISA 29 U.S.C. Section 1132.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, as follows:

On the First and Second Claims for Relief:

(a) Damages in the estimated sum of $105,925.03 for unpaid contributions to the Funds for work performed plus interest from the date of the delinquency and liquidated damages calculated at 20% of the principal amount due.

(b) Attorneys' fees and court costs and disbursements as set forth in the policy for Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.;

On the Third Claim for Relief:

(c) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On the Fourth Claim for Relief:

(d) A permanent injunction enjoining the employer from violating the terms of this or successive C.B.A. and Declarations of Trust as they relate to the plaintiffs herein, including but not limited to the reporting any paying of all fringe benefit contributions in a timely fashion.

On the Fifth Claim for Relief:

(e) for an Order directing Defendant to permit and cooperate in the conduct of an audit of Defendant's payroll books and records for the period September 1, 2010 to the present and permitting Plaintiffs to amend this judgment to include the additional amounts determined by the aforesaid audit to be due and owing, together with the interest, liquidated damages, auditors' fees, attorneys' fees and costs upon fifteen (15) days written notice to Defendant.

(f) An Order for an audit of the Defendant's books and records (including, but not limited to, payroll taxes, payroll earnings, records, stamps receipts, cash disbursements, tax forms, journals) for the period September 1, 2010 to the present.

(g) Judgments for any unpaid contributions owed for the period September 1, 2010 to the present, including liquidated damages calculated at 20% of the principal amount due, interest at a rate of 2% above prime per annum of the principal amount due, attorneys' fees, auditors' fees, court costs and disbursements.

On all claims for relief:

(h) For such other and further relief as the Court deems appropriate.

Dated: Hempstead, NY
August 26, 2016

Respectfully submitted,
BARNES, IACCARINO, & SHEPHERD, LLP

By_____/s_____
Thailary Lim, Esq.
Attorneys for the Plaintiffs
3 Surrey Lane
Hempstead, NY 11550
(516) 483-2990
(516-483-0566
Tlim@bislawfirm.com